*In re* MERRILL and others, Bankrupts.

(*District Court, N. D. New York.*   1884.)

BANKRUPTCY—PROMISSORY NOTE—INDORSER—PART PAYMENT—NOTE FOR BAL-
ANCE—PETITION IN BANKRUPTCY.
    The principle that the taking of a promissory note does not extinguish the
    original debt except by express agreement, has little application to a case
    where the parties sought to be charged are not makers but indorsers, and
    when, prior to the date of the second note, (given for balance after part pay-
    ment of the first,) their legal *status* is completely changed by the filing of a pe-
    tition in bankruptcy.

Prior to the filing of the petition the bankrupts were charged as indorsers on a note for $1,500, made by one Gaylord. After the filing of the petition, the claimant, who was the holder of the note, received a payment of $500 thereon and a new note similarly indorsed for the balance, $1,000. The register found that this transaction was a payment of the $1,500 note which was thereupon given up. The claimant first proved the $1,000 note but subsequently offered to surrender it to the assignee and filed a supplemental proof for the balance alleged to be due on the original $1,500 note. The register found that the $1,000 note was provable because made and delivered before the actual adjudication in bankruptcy. The question now comes before the court upon exceptions filed by both parties to the report.

*Richard C. Steele*, for claimant.

*Charles F. Durston*, for assignee.

COXE, J. The original and supplemental proof should be expunged. The former, for the reason that the note upon which it is founded was made and delivered after the filing of the petition in bankruptcy; the latter, upon the authority of *In re Montgomery*, 3 N. B. R. 426.

The cases cited by the counsel for the claimant, holding that the taking of a promissory note, does not extinguish the original debt unless by express agreement, have, I think, but little application to a case where the parties sought to be charged are not makers but indorsers, and where, prior to the date of the second note, their legal *status* is completely changed by the filing of a petition in bankruptcy.